UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huntington National Bank, *successor-by-merger to TCF National Bank*, | No. 21-cv-2239 (KMM/ECW) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Apex Networks Incorporated, *d/b/a* Apex Networks; and Lynette Pilgrim; | |
| Defendants. | |

Plaintiff Huntington National Bank ("Huntington") filed this lawsuit on October 12, 2021. [ECF No. 1]. Huntington served the summons and complaint on Defendant Apex Networks Incorporated ("Apex") on October 26, 2021, and on Defendant Lynette Pilgrim on October 22, 2022. [ECF Nos. 5, 7]. Neither Defendant has appeared or responded to the Complaint. The Clerk of Court entered default on February 16, 2022. [ECF No. 10]. Huntington now seeks default judgment against Apex for breach of contract and Ms. Pilgrim in as the guarantor of the contract. [ECF No. 11].

The Complaint makes the following allegations, which the Court must take as true for the purposes of this motion. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Huntington is the successor to TCF National Bank ("TCF") as a result of a merger. [ECF No. 1 ¶ 1]. On April 1, 2021, Apex entered into a contract with TCF to finance the

1

purchase of the HPE ProLiant Server, Storage, and Software, as well as attachments and accessories, from Bright Vanguard, LLC. [ECF No. 1 ¶ 7; ECF No. 1-1, Ex. B ("Installment Agreement")]. The total amount of the loan was $447,793.91. [ECF No. 1 ¶ 8]. Apex agreed to pay the balance of the loan through 60 installment payments. [ECF No. 1 ¶ 9]. The agreement also included a late fee of up to 10% of the amount past due, with 18% interest per year on the unpaid amount if the monthly payment was not made within ten days of its due date. [ECF No. 1 ¶ 10]. Ms. Pilgrim signed a Continuing Guaranty agreement with TCF for this loan. [ECF No 1 ¶¶ 23–25; ECF No. 1-1, Ex. E ("Guaranty")].

Apex ceased making payments under the Installment Agreement on September 5, 2021. [ECF No. 1-1, Exs. I & J]. On September 21, Huntington sent a default notice to Ms. Pilgrim and Apex, requesting payment and indicating that failure to cure would lead to Huntington pursuing the remedies provided for in the contract. [ECF No. 1-1, Ex. I]. The record demonstrates that since September 5, 2021, Huntington has not received payment on any subsequent due dates under the loan agreement. On October 4, 2021, Huntington notified Defendants of its intent to exercise its remedies in the event of a default under the Installment Agreement. [ECF No. 1-1, Ex. J].

Having reviewed Huntington's submissions, the Court finds that Huntington has established that it is entitled to the default money judgment it seeks. Huntington has demonstrated that Defendants breached the Installment Agreement and the Guaranty and are liable for damages. Huntington National has shown that it is entitled to

contractual damages, including unpaid installments, a 5% penalty, and late fees totaling $468,369.65. [Installment Agreement at 2 § 8; Decl. of Jordan Shamblott, ECF No. 15]. Further, the Court finds that Huntington National is contractually entitled to recover its attorneys' fees and expenses incurred in this matter. Specifically, Huntington National has incurred $8,336.40 in attorney's fees and $1,202.00 in expenses, for a total of $9,538.40. [Installment Agreement at 2 § 8; Decl. of Mark Schroeder, ECF No. 21; Decl. of Daniel Moak, ECF No. 14].

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Default Judgment [ECF No. 11] is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Huntington National Bank and against Defendants Apex Networks Incorporated and Lynette Pilgrim, jointly and severally, in the total amount of $477,908.05, plus any applicable post-judgment interest as allowed by law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 17, 2022

      *s/Katherine Menendez*
      Katherine Menendez
      United States District Judge